

## U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

March 12, 2008

**BY HAND**

Honorable William H. Pauley III
United States District Judge, Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:  <u>United States</u> v. <u>Jorge Ramirez</u>,
             07 Cr. 976 (WHP)

Dear Judge Pauley:

      With the Court's permission, the Government respectfully submits this surreply to address the defendant's reply dated February 29, 2008.  The defendant contends that the Government's alleged silence on two issues amounts to a "tacit concession."  The two purportedly conceded issues are (1) that the officers' lacked probable cause to believe drug evidence would be found in the defendant's apartment and (2) no exigent circumstances justified the entry and search of the apartment. The defendant then offers the <u>non sequitur</u> that, with these concessions, the defendant's motion should be granted in its entirety.

      First, the Government did not concede anything "tacitly," but instead consented to a hearing so that briefing could be submitted with a fully developed record.  Indeed, the Government's submission dated February 25, 2008 articulates facts that put both issues in dispute.  First, the submission discusses circumstances demonstrating probable cause to believe that the defendant had just provided Jose Espinosa with a package of heroin from inside of his apartment (Gov. Response 1-2).

      Further, the submission provided details of Mr. Ramirez's behavior that would support both exigent circumstances to enter and secure the apartment while the officers obtained a warrant and/or a protective sweep by law enforcement officers upon entry into the apartment.  As mentioned, the officers had

The Honorable William H. Pauley III
March 12, 2008
Page 2

reason to believe that Mr. Ramirez had just concluded a narcotics transaction worth tens of thousands of dollars in the apartment, circumstances which could lead a reasonable officer to conclude that other narcotics and/or firearms might be present in the location. After they identified themselves to Mr. Ramirez, he immediately slammed the door on the officers. (Id. at 3). As a result, the officers could not observe whether Mr. Ramirez or others were destroying narcotics and/or obtaining weapons inside the apartment. The Government will fully brief these issues once the factual record has been developed at a hearing.

    Second, the purported lack of probable cause or exigent circumstances is irrelevant to one of the legal and factual theories that the Government advanced in its response. Namely, Mr. Ramirez consented to the officers' entry onto his property and to their subsequent search of his apartment. (Id.) Thus, even if Mr. Ramirez ultimately were to prevail on the two claims, all of the evidence seized in his apartment was lawfully obtained because he consented to the officers' actions.

                                Respectfully submitted,

                                MICHAEL J. GARCIA
                                United States Attorney


                    By:    s/ William J. Harrington
                          William J. Harrington/Jenna Dabbs
                          Assistant U.S. Attorneys
                          (212) 637-2331/2212

cc:  Louis Aidala, Esq.
     (by fax-212-750-8297)